**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **LONNIE RICHARD DANIEL,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:05-0878** |
| | ) | **(Criminal No. 3:97-0073)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 668 filed on November 4, 2005.[1] (Document No. 185.) Having fully examined the record and considered the applicable law, the undersigned finds that Movant's claim is without merit.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

By five Count Indictment filed on June 10, 1997, Movant was charged along with Mr. Shakir Aasim Venson with conspiring to distribute and possess with the intention of distributing cocaine base in violation of 21 U.S.C. § 846 (Count One), distributing and aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two), persuading inducing and enticing a person under 18 years of age to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting it in violation of 21 U.S.C. § 861(a)(1) and 18 U.S.C. § 2 (Count Three) and using and carrying a firearm during and in relation to a crime of violence, i.e., murder and drug trafficking in violation of 18 U.S.C. § 924(c)(1) and (2) (Count

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Five). <u>United States v. Daniel</u>, Criminal No. 3:97-0073, Document No. 1. Movant pled guilty to the

charges contained in Count One of the Indictment on January 7, 1998. (<u>Id.</u>, Document No. 73.) The

District Court sentenced Movant on May 7, 1998, to a 312 month term of incarceration and a five

year term of supervised release, and the District Court imposed a $100 special assessment. (<u>Id.</u>,

Document No. 122.) Movant appealed his conviction and sentence, and the Fourth Circuit Court of

Appeals affirmed. (<u>Id.</u>, Document No. 143); <u>United States v. Daniel</u>, 173 F.3d 427, 1999 WL 92539

(C.A.4 (W.Va.)). Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his

sentence (<u>Id.</u>, Document No. 146.), and his Motion was denied on December 6, 2002 (<u>Id.</u>, Document

Nos. 169 and 170.) On November 4, 2005, Movant filed the instant Motion for Modification or

Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (<u>Id.</u>, Document No. 185.) On March 4,

2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines. (<u>Id.</u>, Document

No. 204.) On July 9, 2008, the District Court granted Movant's Motion and reduced his sentence

from 312 to 250 months. (<u>Id.</u>, Document No. 224.) Movant appealed the District Court's reduction

of his sentence, and the Fourth Circuit affirmed. (<u>Id.</u>, Document Nos. 234, 235 and 241.)

Movant asks that the District Court reduce his Offense Level and therefore his sentence

pursuant to Amendment 668 of the United States Sentencing Guidelines, adopted by the United

States Sentencing Commission effective November 1, 2004. Amendment 668 amended U.S.S.G. §

2D1.1(a)(3) which provided that a defendant's Base Offense Level would be that specified in the

Drug Quantity Table unless the defendant received a mitigating role adjustment in which case his

Base Offense Level would not be more than 30. Under 2D1.1(a)(3) as amended by Amendment 668,

a defendant entitled to a mitigating role adjustment with a Base Offense Level of 32 under the Drug

Quantity Table would receive a two level decrease, a three level decrease at Base Offense Level 34

and 36 and a four level decrease at Base Offense Level 38. Movant further asserts that the District

Court should consider reducing his sentence because the amount of cocaine base which he allegedly conspired to distribute was not specified in the Indictment and he "is subject to a sentence of not more than twenty years."

By Order filed on December 14, 2005, the Court required Respondent to file a Response to Movant's Motion. (Document No. 191.) Respondent did so on February 24, 2006. (Document No. 197.) Respondent states that Amendment 668 gave "lenient treatment to individuals convicted of participation in drug conspiracies but who occupy a comparatively minor role in the overall offense. The lynchpin to a reduction in a defendant's base offense level under U.S.S.G. § 2D1.1(a)(3) is the receipt of a mitigating role reduction under U.S.S.G. § 3B1.2. In defendant's case, since he never received a mitigating role reduction under § 3B1.2, any potential base offense level reduction under U.S.S.G. § 2D1.1(a)(3) is moot"

By Order filed on February 27, 2006, the Court notified Movant that he could file a Reply to Respondent's Response. (Document No. 198.) Movant filed a Reply on March 23, 2006. (Document No. 200.) Movant persists in claiming entitlement to a reduction of his sentence under Amendment 668, Movant also contends that he is entitled to a reduction of his sentence because the United States Sentencing Guidelines are now advisory, and his sentence should be determined on the basis of the factors set forth at 18 U.S.C. § 3553(a). Movant further contends that because the Indictment did not state a specific amount of drugs, under the applicable statute he was "subject to a sentence not more than twenty years." Movant claims therefore that his sentence is unconstitutional as it exceeded the applicable statutory maximum. Movant argues that his "admission in his plea allocution as to the amount of drugs that my offense involved does not waive the requirement that any drug quantity used to increase a sentence above the statutory maximum be charged in the indictment." The undersigned regards this an Apprendi/Booker claim. Additionally,

3

Movant appears to assert that the District Court improperly determined his sentence on the basis of cocaine base rather than cocaine for which the statutory maximum term of imprisonment would have been much less. Movant states that "[s]ince powder cocaine and crack were both brought into evidence, only the drug carrying the lower possible sentence should have been used because a maximum sentence set by the statute trumps a higher sentence set by the guidelines." Movant also appears to assert that his sentence should have been based upon a determination of "how many or which offenses were the object of the conspiracy of which the Defendant's judgment was based on."

### DISCUSSION

18 U.S.C. § 3582(c)(2) provides for the modification of an imposed term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10, a policy statement, authorizes the reduction of a prison term under 18 U.S.C. § 3582(c)(2) as a result of an amendment of the Guidelines under certain circumstances listing the Amendments which qualify for consideration under Section 3582(c)(2). Amendment 668 is not among the Amendments listed. A reduction of Movant's sentence would therefore not be "consistent with applicable policy statements issued by the Sentencing Commission" as Section 3582(c)(2) requires. United States v. McHan, 386 F.3d 620, 622 - 623 (4th Cir. 2004). Nor does it matter whether Amendment 668 is clarifying. United States v. Armstrong, 447 F.3d 905, 908 - 909 (11th Cir. 2003)("While consideration . . . as a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2).")

4

Even if Amendment 668 were listed as qualifying for consideration under U.S.S.G. § 1B1.10 as qualifying for consideration under Section 3582(c)(2), it would not apply to Movant as Movant did not qualify for a mitigating role adjustment.

Finally, Movant's claims arising under Apprendi and Booker are clearly not cognizable under Section 3582(c)(2). See United States v. Foster, 2007 WL 4284675 at FN. 2 (4th Cir. Va.)(unpublished)("Booker does not apply to § 3582(c)(2) motions."); United States v. Oiler, 2008 WL 5478577 (S.D.W.Va.)(District Judge Johnston)("Other courts . . . have concluded that Booker and its projeny are not applicable in § 3582(c)(2) proceedings.") also see United States v. Price, 438 F.3d 1005, 1007 (10th Cir.), cert. denied, 547 U.S. 1185, 126 S.Ct. 2365, 165 L.Ed.2d 289 (2006); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir.), cert. denied, 547 U.S. 1050, 126 S.Ct. 1643, 164 L.Ed.2d 351 (2006). Accordingly, Movant's Section 3582(c)(2) Motion requesting modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 181.) must be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(2) Pursuant to Amendment 668 filed on October 28, 2005. (Document No. 185.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have

seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*[2] and transmit a copy to counsel of record.

Date: August 11, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant is currently in custody at FCI Allenwood, P.O. Box 2000, White Deer, Pennsylvania 17887.